**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-125-JBC

NORBERT STEVEN WILCOX                                                            PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

WALTER GRIBBINS                                                                   DEFENDANT

Norbert Steven Wilcox, an individual presently confined in a state prison, the Northpoint Training Center in Burgin, Kentucky, initiated the instant *pro se* civil rights action by filing a complaint and motion to proceed *in forma pauperis* in the United States District Court for the Western District of Kentucky. The case was transferred to this court, the Burgin penal facility and the named defendant being located in the Eastern District of Kentucky.

The plaintiff's motion to proceed *in forma pauperis* will be granted by separate order. The complaint is now before the court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1]

CLAIMS

The plaintiff alleges that the defendant correctional officer violated his rights

---

[1] To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

under the Fourth, Eighth, Ninth, Tenth, Eleventh, and Fourteenth Amendments to the U.S. Constitution.

## NAMED DEFENDANT

The plaintiff names Walter Gribbins, a correctional officer at the Northpoint Training Center, as the sole defendant. He is sued in his official capacity.

## RELIEF REQUESTED

The plaintiff seeks damages.

## FACTUAL ALLEGATIONS

The following is a summary of the plaintiff's allegations:

> . . . Officer Walter Gribbin [sic] violated my right to be secure in my person by standing and shouting in anger over me while I was using the toilet mold and made statements in quote "Wilcox! everybody going to suffer on this yard because of you" while in the process of searching the dorm for other inmates that were left in the dorm.
>
> . . . Officer Walter Gribbins used his abusive authority to punish me in acting in a cruel manner by standing and shouting over me while sitting and using the toilet mold, because I did not leave the dorm when he at the same moment order inmates to leave the dorm.
>
> . . . . .

Complaint at pp. 6 - 7. The plaintiff proceeds to claim that the officer's conduct violated certain of his constitutional rights, as set out *supra*.

The plaintiff gives no date on which the complained-of incident took place. However, he does attach, as an exhibit, a copy of the Northpoint warden's response to a grievance which he had evidently filed. The response is dated March 14, 2005, and contains the warden's rejection of his grievance on the ground that "the incidents mentioned in the grievance occurred on August 5, 2004, and September 2004," but the plaintiff did not file the grievance within 5 days of the incident, as is required under

3

the Kentucky Department of Corrections' ("KDOC") Policies and Procedures. Complaint, p. 5B (citing Policy and Procedure 14.6, Inmate Grievance Procedure, Section J).

The plaintiff did not appeal the warden's decision to the KDOC Commissioner, as the same KDOC Policy and Procedure also requires. He states that he did not do so because he has another action pending about the Kentucky Attorney General and a purported conflict of interest, and "I suspect the grievance may be destroyed." *Id.* at 5A. Therefore, the plaintiff explains, he decided to come directly to this Court. The instant action was filed on March 24, 2005, ten days after the warden's response.

## DISCUSSION

In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress amended 42 U.S.C. § 1997e to require that prisoners pursue their custodians' administrative remedies prior to filing a lawsuit in federal court. The statute now provides as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion

4

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The Sixth Circuit has consistently insisted on compliance and a clear demonstration of compliance with the statute at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of § 1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

The exhaustion requirement is not a mere formality. The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999). Additionally, as stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by

5

resolving complaints or setting forth findings of fact.

*Id.* at 205.

*See also  McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. 2000); and *Mentecki v. Corrections Corp. of America*, 2000 WL 1648127 (6th Cir. 2000)(unpublished opinions from the Sixth Circuit about the impermissibility of prisoners beginning the process, then short-circuiting the system, and later alleging the futility of going further).

In the instant case, the plaintiff admits that he did not appeal his grievance to the level of the Commissioner.  Therefore, he did not exhaust the available administrative remedies, and so his complaint must be dismissed, the dismissal to be without prejudice, in conformity with the above-stated law.  It is not necessary to reach the immunity issue raised by suing a state official in his official capacity, or any other flaws in the plaintiff's submissions.

## CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** that the plaintiff's action herein is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith.

Signed on May 27, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY